GIFFORD OIL COMPANY, INCORPORATED, PLAINTIFF-RESPONDENT, v. ELIAS SOURASKY, DEFENDANT-APPELLANT.

Submitted May 15, 1931—Decided November 13, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the appellant, *Levenson, Comen & Levenson* (*Abe D. Levenson*, of counsel).

For the respondent, *John L. Ridley*.

PER CURIAM.

This is the appeal of the defendant from a judgment entered on a verdict in favor of the plaintiff company in the Hudson County Circuit Court.

Only two points were argued by the appellant: (1) that the judge erred in denying a nonsuit; and (2) that he erred in refusing to direct a verdict for the defendant.

The suit was to recover for goods sold and delivered. The defendant answered that he was not indebted to the plaintiff in any amount and that the plaintiff did not sell and deliver to him any merchandise.

The only question at the trial was whether the oil was sold to Sourasky or to a corporation in which he was largely interested.

At the trial both the president and the manager of the plaintiff company testified to a preliminary conversation they had with the defendant. They both testified in effect that defendant personally came to them and said that he was buying the goods and that he would pay for them; that they examined his credit and extended the credit to him; that the goods were delivered to him on his credit; that the credit of the corporation in which he was interested was never examined; that all dealings were had with him (Sourasky) respecting orders, prices and deliveries, and that he said that he would be personally responsible.

It is true that much of such testimony given by plaintiff's witnesses was denied by the defendant. However, it may also be fairly said that there were admissions in the defendant's own testimony from which the jury, if they saw fit, might have found from that alone that he was dealing personally on his personal account and on his own individual credit.

It is therefore quite plain that upon the whole case it was open to the jury to find, as they did, from the evidence, a contract between the plaintiff and the defendant, and that the promise was original and not collateral. *Herendeed Mfg. Co.* v. *Moore,* 66 *N. J. L.* 74; *Ridgeway* v. *Corporation Liquidating Co.,* 71 *Id.* 676. It follows that the motions to nonsuit and to direct a verdict for the defendant were properly denied.

The judgment will be affirmed, with costs.